UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN BLACKMER, d/b/a JOHN BLACKMER PHOTOGRAPHY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-07-681 |
| SHADOW CREEK RANCH DEVELOPMENT COMPANY LIMITED PARTNERSHIP, *et al.*, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Strike Defendants' Counterclaim.  After

considering the parties' filings and the applicable law, the Court finds that the motion,

Docket No. 18, should be and hereby is **DENIED.**

This copyright infringement case revolves around nine black and white

photographs taken by Plaintiff John Blackmer, d/b/a John Blackmer Photography.  Each

of the photos is covered by a registered copyright.  Plaintiff alleges that Defendants have

used the photos without permission in Internet and print marketing materials designed to

promote their real estate development activities.[1]

Plaintiff filed suit for copyright infringement in February 2007.  Plaintiff seeks

statutory damages under 17 U.S.C. § 504(c) and increased statutory damages for willful

infringement under 17 U.S.C. § 504(c)(2), or, in the alternative, actual damages and

Defendants' profits attributable to each infringement.  Plaintiff also requests attorney's

fees, preliminary and permanent injunctions pursuant to 17 U.S.C. § 502 prohibiting

---

[1] The Clerk has entered default judgments (as to liability only) against Defendants David Goswick and Goswick & Associates, Inc.  *See* Docket Nos. 13-14.

further unauthorized use of the images, and an order under 17 U.S.C. § 503(b) for destruction or other reasonable disposition of all infringing copies.  Defendants contend that Plaintiff licensed the photographs to them for use in advertising.  Defendants also counterclaim for a declaratory judgment of non-infringement because a licensing agreement was in place, and for costs and fees under 17 U.S.C. § 505.

Plaintiff moves to strike Defendants' counterclaim, on the ground that it is merely duplicative of Defendants' affirmative defense that a licensing agreement existed. Plaintiff also moves to dismiss the counterclaim under Federal Rule of Civil Procedure 12(f), as a redundant claim.[2]  In response, Defendants argue that their counterclaim is not redundant, but rather affords Defendants the possibility of receiving a judgment in their favor and ensures affirmative relief by way of costs and fees under the Copyright Act. With regard to Rule 12(f), Defendants again assert that their counterclaim is not merely duplicative, and also argue that a party moving under Rule 12(f) must show prejudice.

Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. . . . the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions

---

[2] Rule 12(f) states that "[u]pon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f) (YEAR).

and extent of federal judicial power." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995).

In the instant case, the Court has not been persuaded that it should strike Defendants' counterclaim. There is a high degree of congruence between Defendants' affirmative defenses and the counterclaim, and in the end, the counterclaim likely does not preserve any significant relief for Defendants that would otherwise be foreclosed. However, the Court recognizes the potential qualitative difference between merely prevailing in Plaintiff's lawsuit, and receiving an affirmative declaration of rights pursuant to a declaratory judgment. Second, Defendants' counterclaim sets forth a clearer basis upon which to claim attorney's fees and costs, which the Court is loathe to delete. Finally, the Court can detect no prejudice to Plaintiff arising from Defendants' counterclaim.

While Plaintiff has offered relevant precedent from other jurisdictions, the Court has found no authority in this circuit militating against allowing a counterclaim of this nature. In fact, Defendants point to a somewhat similar case involving claims of copyright infringement and a counterclaim for a declaratory judgment of non-infringment (also based, in part, on an alleged licensing agreement). *Lulirama, Ltd. v. Axcess Broadcast Servs., Inc.*, 128 F.3d 872, 875 (5th Cir. 1997). More generally, declaratory judgment actions for non-infringement of a copyright are not uncommon. *See, e.g.*, *Compaq Computer Corp. v. Ergonome, Inc.*, 137 F. Supp. 2d 768 (S.D. Tex. 2001); *S. Miss. Planning & Dev. Dist., Inc. v. Robertson*, 660 F. Supp. 1057 (S.D. Miss. 1986). For these reasons, Plaintiff's motion to strike Defendants' counterclaim is **DENIED**.

A district court also has considerable discretion in disposing of a Rule 12(f) motion to strike. *See, e.g.*, *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979). With regard to these motions, "there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004). Defendants' counterclaim is clearly connected to the subject matter of the instant controversy, and the Court has already opined that it poses no significant prejudice to Plaintiff. Plaintiff's motion to strike Defendants' counterclaim under Rule 12(f) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 26th day of June, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**